In the Matter of JOHN GALLARELLO et al., Petitioners, against MAURICE FINKELSTEIN et al., Constituting the Temporary City Housing Rent Commission of the City of New York, Respondents.

Supreme Court, Special Term, Kings County, May 25, 1948.

*Joseph A. Marchetti* for petitioners.

*Nathan W. Math* for respondents.

WALSH, J. In this proceeding pursuant to article 78 of the Civil Practice Act for an order directing the Temporary City Housing Rent Commission to issue a certificate of eviction, petitioners, who are veterans of the second World War, contend they are exempt from the requirement of showing " compelling necessity ".

Subdivision c of section U41-7.0 of the Administrative Code of the City of New York, as amended by Local Law No. 12 of 1948, provides: " Except for non-payment of rent, no tenant shall be removed  *  *  *  unless the commission shall certify that one or more of the following grounds  *  *  *  exists:  *  *  *  (2) Subject to the provisions of subdivisions h and i of this section, the landlord, because of compelling necessity, seeks in good faith to recover possession of such apartment for his own immediate and personal use and occupancy as dwelling accommodations  *  *  *."

Subdivision i, on which applicants rely, provides that a purchaser must show that he paid at least 20% of the purchase price. Subdivision i provides that the provision for the payment of said 20% of the purchase price does not apply to (par. 2) those who have obtained servicemen's loans. Paragraph (2) reads as follows: " (2) A sale or contract of sale of any building or structure containing apartments entered into by a purchaser who seeks in good faith to obtain possession of an apartment for his own personal and immediate use and occupancy, and who has obtained a loan to be used to purchase such building or structure, guaranteed in whole or in part by the administrator of veterans' affairs pursuant to the provisions of title III of the servicemen's readjustment act of 1944, as amended."

The applicants contend that since that paragraph (2) does not require the applicants to show " compelling necessity," they are exempt from doing so. Sympathetic as the court may be to the plight of veterans, especially those who have been induced to buy homes and make themselves liable on large mortgages, the court must find, reluctantly, that said paragraph (2) does not create an exception to subdivision c above quoted, but creates an exception only to that part of subdivision i which requires 20% of the purchase price to be paid in cash by the purchaser.

Further, the court cannot find in this case that the respondent [commission] has been arbitrary or has abused its discretion.